UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE LYNN RUBOTTOM-, LANGENECKERT, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BILL SEEK, et al., | ) ) |
| Defendants. | ) ) |

No. 4:25-CV-00159 RHH

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. Plaintiff filed the instant action on February 6, 2025. However, it appears that plaintiff filed the same, or a similar action in this Court against the same or similar defendant(s), on or about January 27, 2025. *See Rubottom-Langeneckert, et al. v. Seek*, No. 4:25-CV-104 RHH (E.D.Mo.).

Briefly summarized, plaintiff appears to be litigating Missouri State Court judgments entered against her for unlawful detainer and unpaid rent when she was living at two separate Missouri addresses: 12512 Highway TT in Festus, Missouri and 109 St. Jude Drive in Ste. Genevieve, Missouri. *See Seek v. Seek, et al.,* No. 17JE-AC00119 (23rd Jud. Cir., Jefferson County Court) (unlawful detainer judgment entered on February 14, 2017, and motion to set aside filed by plaintiff denied on August 18, 2023); *Seek v. Rubottom, et al.,* No. 18SG-AC00055 (24th Jud. Cir., Ste. Gen. County Court) (default judgment for rent and possession entered on March 13, 2018); and *Seek v. Rubottom, et al.,* No. 21SG-AC00174-01 (24th Jud. Cir., Ste. Gen. County Court) (default judgment for rent and possession entered on September 15, 2021).[1]

---

[1] To the extent plaintiff is also seeking review of a state child custody determination, *see Rubottom v. Seek*, No. 21SG-CC00186-02 (24th Jud. Cir., Ste. Gen. County Court), this Court lacks jurisdiction over such a request under the domestic relations exception. The domestic relations exception "divests the

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "Whether to consolidate actions under Rule 42(a) is vested in the court's discretion," and "the district court can consolidate actions *sua sponte*." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (internal citations omitted). Here, each complaint alleges civil rights violations based upon common questions of both law and fact against the same or similar defendants. And the Court believes that consolidation would serve the interests of justice and avoid unnecessary costs and promote judicial efficiency. Moreover, pursuant to Local Rule 4.03, the cases must be consolidated into the lowest case number.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall consolidate the instant action into *Rubottom-Langeneckert, et al. v. Seek*, No. 4:25-CV-104 RHH (E.D.Mo.).

**IT IS FURTHER ORDERED** that the Clerk shall file plaintiff's complaint in the instant action as an amended complaint in *Rubottom-Langeneckert, et al. v. Seek*, No. 4:25-CV-104 RHH (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] filed in the instant matter shall be administratively terminated. This motion shall not be transferred to *Rubottom-Langeneckert, et al. v. Seek*, No. 4:25-CV-104 RHH (E.D.Mo.).

**IT IS FURTHER ORDERED** that this Memorandum and Order shall be filed in both the instant action and in *Rubottom-Langeneckert, et al. v. Seek*, No. 4:25-CV-104 RHH (E.D.Mo.).

---

federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

**IT IS FURTHER ORDERED** that the Clerk shall thereafter **ADMINISTRATELY CLOSE** the instant action.

Dated this 11th day of February, 2025.

                                                RODNEY H. HOLMES
                                                UNITED STATES MAGISTRATE JUDGE