UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE LYNN RUBOTTOM-LANGENECKERT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 4:25-cv-00104-RHH |
| BILL M. SEEK, et al. | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Jamie Lynn Rubottom-Langeneckert's application to proceed in district court without prepaying fees or costs, which will be granted. Additionally, for the reasons stated below, this matter will be dismissed for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail,

the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## The Complaint

Plaintiff's complaint is incomprehensible and largely illegible. As best the Court can tell, Plaintiff's statement of claim is as follows:

> Supra—a code word here, it would be incomplete name of party, vocation; person liability interest due to the excessive amount of persons on vacation, health legal [illegible] status and whore practices prohibited, did such over a systemic broadband case of [illegible] issue where the relentless, persistent, re [illegible] pursuit is [illegible] I am being denied full order of civil protection rights land and liberties for self and 4 co-claimants, my children, whereby both dads agree, kids should be with mom. [Illegible] the AC case lead appeal to USSC in ED102031 record its rallied up consequential appeals as I sat at home under intense conditions of violative and isolated [illegible] where damages will always echo, as that [illegible] upon my children by primary educators in R-U social welfare investigation that holds acts of reprisal to date of [illegible]

ECF No. 1 at 5. Plaintiff has handwritten annotations on every page of the complaint, nearly covering the margins of the paper with illegible notes.

## Discussion

Although the Court is to construe plaintiff's complaint liberally on initial review, plaintiff's complaint does not contain any well-pleaded facts that demonstrate any plausible claims for relief against defendants. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The Court finds plaintiff's complaint

incomprehensible and lacking an arguable basis in either law or fact. It will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot.** [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2025.

                                                                      *[signature]*
                                                                      HENRY EDWARD AUTREY
                                                                      UNITED STATES DISTRICT JUDGE

---

[1] To the extent that plaintiff might be attempting to relitigate Missouri state court judgments against her, these claims would be barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").